UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALVIN GALUTEN,

    Plaintiff,

v.

COMMUNITY HEALTH OF SOUTH FLORIDA, INC.,

    Defendant.

CASE NO. 14-cv-21388-DPG

## MOTION TO DISMISS

The Defendant, COMMUNITY HEALTH OF SOUTH FLORIDA, INC. ("CHI" or "Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Motion to Dismiss Plaintiff's Retaliatory Discharge Complaint Under the Federal Civil False Claims Act with Supplemental Claim for Unpaid Wages and Incorporated Memorandum of Law, and as grounds therefor states as follows:

1. Plaintiff filed the operative Complaint in this matter on or about April 17, 2014, two years after his employment was terminated by the Defendant. Pursuant to a *sua sponte* Order issued by the predecessor Judge [DE. 3], Plaintiff was required to serve his Complaint no later than August 15, 2014. A summons was issued on August 14th, and Defendant was served on the last possible day under the Court's Order.

2. Defendant CHI is a nonprofit health care organization which provides affordable primary and behavioral health care services in South Florida. (www.chisouthfl.org)

3. Plaintiff worked part time for CHI as a radiologist for approximately eight months. (Complaint ¶¶18 and 24).

4. Plaintiff's Complaint purports to allege causes of action against Defendant for retaliatory discharge in violation of 31 U.S.C. § 3730 (h) (Count I), and failure to pay wages in violation of Fla. Stat. § 448.01 *et seq.* (Count II).

5. Count I of Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted because Plaintiff has failed to plead each of the elements required of a cause of action for retaliation under the False Claims Act (FCA), 31 U.S.C. §§ 3729 - 3733.

6. Count II of Plaintiff's Complaint must be dismissed for Plaintiff's failure to comply with the statutory notice requirement contained in Fla. Stat. § 448.110.

7. Accordingly, and for the reasons more fully set forth in the memorandum of law below, Defendant moves to dismiss both counts of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

The purpose of motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the plaintiff's complaint. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). A motion to dismiss should be granted where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Swierkiewicz v. Sorema*, 122 S. Ct. 992, 998 (2002); *Betancourt v. Marine Cargo Management, Inc.*, 930 F. Supp. 606, 607 (S.D. Fla. 1996). For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from

- 2 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

such pleading. *Durso v. Summer Brook Preserve Homeowners Ass'n*., 641 F. Supp 2d 1256, 1262-63 (M.D. Fla. 2008). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). While the court must view the allegations of the complaint in the light most favorable to the plaintiff, the United States Supreme Court held that "a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted).

II.     **DISCUSSION**

Plaintiff's Complaint purports to allege causes of action against Defendant for alleged retaliatory discharge in violation of 31 U.S.C. § 3730(h) (Count I), and failure to pay wages in violation of Fla. Stat. § 448.01 *et seq*. (Count II). For the reasons discussed below, both counts of Plaintiff's Complaint must be dismissed.

    A.     **Count I must be dismissed for failure to plead that Plaintiff was engaged in any protected activity.**

In Count I, Plaintiff attempts to allege that Defendant retaliated against him in violation of the FCA when Defendant terminated him because he "complained about lack of compliance with health care laws many times to multiple agents or employees of Defendant." *See* Complaint, ¶ 26.

The pertinent provision of the FCA provides as follows:

> [a]ny employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner

- 3 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

> discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1).

To establish a *prima facie* case of retaliation under this provision, a plaintiff must plead and prove that he was engaged in protected conduct and that he was retaliated against because of that protected conduct. *Mack v. Augusta-Richmond County, Ga.*, 148 Fed. Appx. 894, 896-97 (11th Cir. 2005).

Under the FCA, "[p]rotected activity encompasses measures taken 'in furtherance of an action . . . filed or to be filed under this section.'" *Mann v. Heckler & Koch Defense, Inc.*, 630 F.3d 338, 343 (4th Cir. 2010). While an employee need not actually file a False Claims Act claim to recover for retaliation, protected activity must involve "situations in which litigation could be filed legitimately," not situations in which "an employee . . . fabricates a tale of fraud to extract concessions from the employer, or . . . just imagines fraud but lacks proof." *Id*. at 344. In other words, "§3730(h) only protect[s] an employee from retaliation when there [is] at least 'a distinct possibility' of litigation under the False Claims Act at the time of the employee's actions." *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1303 (11th Cir. 2010). This means that the allegedly fraudulent conduct "*reasonably* could lead to a viable FCA action. . . ." *Heckler & Koch*, 630 F.3d at 344 (emphasis added).

What is unique about the whistleblower claim under the FCA is that the employee is complaining specifically about the submission of false claims for payment to the government; therefore, not every violation of a government regulation results in a violation of the FCA. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam) ("Liability under the

- 4 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

[FCA] arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal policies.") (citations omitted).

Count I of Plaintiff's Complaint fails to state sufficient facts to meet each of the elements for a cause of action under the FCA. First, many of the allegations do not establish a claim under the FCA at all. For example, the allegations of generic quality of care issues and failure to provide professional liability insurance—even if true—do not establish a basis for liability under the FCA. (Complaint, ¶¶ 22 and 23).

Second, nothing in Plaintiff's Complaint states, suggests, or even implies that Defendant knew or could have suspected that Plaintiff was taking measures in furtherance of an action he filed, or he intended to file, pursuant to the FCA such that the protections of 31 U.S.C. § 3730(h) could be triggered. *See Lymphatx, Inc.,* 596 F.3d at 1304.

Third, Plaintiff alleges that he complained repeatedly about "medical and billing quality of care issues" to multiple agents/employees of Defendant, although he fails to identify when, how, and to whom these complaints were made. Mere complaints about medical and billing quality of care issues do not implicate the FCA. *See, e.g. United States ex rel. Karvelas v Melrose-Wakefield Hosp*. 360 F.3d 220 (1st Cir. 2004) (holding that dismissal of former employee's retaliation claim under False Claims Act (FCA), 31 USCS §§ 3729 et seq., was proper because employee did not allege factual predicate concrete enough to support his conclusory statement that he was retaliated against because of conduct protected under FCA; investigations of allegedly unsafe conditions or noncompliance with patient care standards do not constitute protected conduct under FCA); *Johnson v Univ. of Rochester Med. Ctr*. 686 F. Supp. 2d 259 (W.D.N.Y. 2010) (holding that claims of retaliation under 31 USC § 3730(h) that were asserted by doctor and nurse were not sufficiently pled where doctor and nurse did not allege that

- 5 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

their informal complaints to other physicians about university and hospital's failure to provide supervising physicians for anesthesiology procedures were made in furtherance of any *qui tam* action or were part of investigation into Medicare/Medicaid fraud; instead, doctor and nurse's complaints appeared to have been motivated by their concern for well-being of patients, which complaints did not constitute protected activity); *Glynn v Impact Sci. & Tech., Inc*. 807 F Supp 2d 391 (D. Md. 2011) (holding that employee failed to set forth facts demonstrating that his discharge was motivated, even in part, by protected acts because other employees and decisionmakers viewed employee's behavior as problematic well before employee first reported his concerns regarding certain "defective" devices to government, severing nexus between employee's termination and his reports to government, which he alleged to be protected activity).

Fourth, the allegations regarding alleged kickbacks to sellers of radiology equipment and billing for services performed using "shoddy" medical equipment do not include factual allegations that make clear they are "grounded in first-hand knowledge that explain[s] why [plaintiff] believe[s] a specific defendant submitted false or fraudulent claims to the government." *United States ex rel. Mastej v. Health Mgmt. Assoc., Inc.*, 869 F. Supp. 2d 1336, 1344 (M.D. Fla. 2012) (dismissing *qui tam* complaint because plaintiff's role as prior CEO did not provide knowledge of defendant's billing practices with sufficient indicia of reliability).

Two recent False Claims Act cases in the Eleventh Circuit make clear that knowledge regarding contract noncompliance or failure to comply with governmental regulations is not sufficient to support a FCA claim. *See, e.g., Jallali v. Nova Southeastern University, Inc*., 486 Fed. Appx. 765 (11th Cir. 2012); *Klusmaier v. Bell Constructors, Inc*., 469 Fed. Appx. 718 (11th Cir. 2012). In both cases, the Eleventh Circuit held that the complaints should have been dismissed because the plaintiffs had no first-hand knowledge of billing practices that would

- 6 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

support an allegation that a fraudulent claim was actually submitted to the government. These cases are applicable here.[1] While Dr. Galuten may have knowledge of the adequacy of the medical equipment used, there are no factual allegations that false claims were actually submitted by CHI to the government.

The weight of the authority within the Eleventh Circuit requires dismissal of a *qui tam* complaint in a False Claims Act case where the plaintiff is without personal knowledge of the Defendant's billing practices. *See, e.g., Jallali v. Nova Southeastern University, Inc.*, 486 Fed. Appx. at 767 (affirming dismissal with prejudice of *qui tam* case and noting that Jallali did not possess personal knowledge of Nova's billing practices); *Hopper v Solvay Pharmaceuticals, Inc.*, 588 F.3d 1318, 1326 (11th Cir. 2009) (dismissing *qui tam* complaint brought by sales representatives who had no personal knowledge of the defendant's billing practices); *Corsello v. Lincare, Inc.*, *supra,* 428 F.3d at 1013-14); *Barys ex rel. v. Vitas Healthcare Corp.,* No. 04-21431, 2007 WL 2310862, at *4 (S.D. Fla. July 25, 2007) (dismissing *qui tam* complaint because plaintiffs presented "nothing to support the contention that the claims submitted were actually fraudulent."). Nothing in Plaintiff's Complaint indicates that he had any knowledge of CHI's billing practices such that he would be aware of any potentially false claims filed by CHI.

While the plaintiffs in the aforementioned *qui tam* cases have pleading burdens that differ from the burden Galuten must carry in this FCA retaliation case, Galuten must still allege that he

---

[1] It should be noted that *Jallali* and *Klusmaier* were *qui tam* FCA cases subject to the stricter pleading standards of Fed. R. Civ. P. 9. *See United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1308 (11th Cir. 2002) (holding that Fed. R. Civ. P. 9(b) applies to actions under the False Claims Act, 31 U.S.C. § 3729 *et seq.*). Even under the less stringent pleading standards of Fed. R. Civ. P. 8(a) which apply to FCA retaliation complaints, *see Lymphatx, Inc.*, 596 F.3d at 1304, the Complaint at bar fails to contain sufficient allegations to meet all the elements of a FCA retaliation claim.

- 7 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

has knowledge of false claims filed by CHI in order to proceed in this FCA retaliation case. *Strong v. KIMC Investments, Inc.*, 472 Fed. Appx. 886 (11th Cir. 2012), is particularly instructive on this issue. In *Strong*, KIMC Investments, Inc. ("KIMC"), filed a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim for which relief can be granted. *Id*. at 886. Because the plaintiff failed to sufficiently allege that KIMC had made a false claim against the government, and failed to allege that KIMC feared being reported to the government or sued in a *qui tam* action by Strong, the Eleventh Circuit affirmed this Court's dismissal of the complaint. *Id*. at 887.

The Complaint in this case suffers from the same infirmity as did the complaints in *Karvelas, Johnson* and *Strong*. Count I of Plaintiff's Complaint fails to allege any facts that can reasonably lead to the conclusion that Plaintiff engaged in conduct protected by the FCA. Plaintiff's failure to allege that CHI made any false claims against the government, coupled with a lack of any allegations that could lead to the conclusion that CHI feared being reported to the government, or sued in a *qui tam* action by Galuten, requires this Court to dismiss this case, just as it did in *Strong*. Accordingly, and for the reasons stated above, Defendant asks that this Court dismiss Count I of Plaintiff's Complaint.

>    B.   **Count II must be dismissed for failure to state a claim upon which relief may be granted because Plaintiff failed to provide pre-suit notice pursuant to Fla. Stat. § 448.110(6).**

In Count II, Plaintiff attempts to allege that "Defendant failed to pay him all wages owed to him for his approximately last two weeks of work…" in violation of Fla. Stat. § 448.01 *et seq*. *See* Complaint, ¶ 31. While Plaintiff does not specify which statutory provision he is relying on, Defendant assumes he is alleging a violation of Section 448.110. However, Count II must be dismissed for failure to provide statutory pre-suit notice as required by Fla. Stat. § 448.110.

- 8 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

Pursuant to Fla. Stat. § 448.110 (6)(a):

> Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Dismissal of a claim for unpaid wages pursuant to Florida Statute § 448.110 is appropriate for failure to comply with the statute's pre-suit notice requirement, because the right to recover unpaid minimum wages is properly conditioned upon the aggrieved employee's compliance with the 15-day notice requirement of Fla. Stat. § 448.110(6). *See Ramirez v. Martinez*, 2009 U.S. Dist. LEXIS 4573, 2009 WL 199786 (S.D. Fla. 2009). *See also Phillips v. M.I. Quality Lawn Maint., Inc.,* 2010 U.S. Dist. LEXIS 111979, 160 Lab. Cas. (CCH) P35, 830 (S.D. Fla. 2010); *Dominguez v. Design by Nature Corp.*, 2008 U.S. Dist. LEXIS 83467, 2008 WL 4426721 (S.D. Fla. 2008); *Resnick v. Oppenheimer & Co.*, 2008 U.S. Dist. LEXIS 1163, 155 Lab. Cas. (CCH) P35, 386, 155 Lab. Cas. (CCH) P60, 555, 13 Wage & Hour Cas. 2d (BNA) 271 (S.D. Fla. 2008).

In Count II, Plaintiff seeks payment for <u>all wages earned</u> during the last two weeks of his employment. Because Plaintiff's complaint does not allege that statutory pre-suit notice was provided, and because the complaint does not generally allege that all conditions precedent to the cause of action have been met, Count II of Plaintiff's Complaint must be dismissed. Further, Defendant seeks dismissal with prejudice as to Count II. Fla. Stat. § 95.11(4)(c) prescribes a two year statute of limitations for unpaid wage claims brought under Chapter 448. Plaintiff, who was

- 9 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

terminated on April 17, 2012, can no longer provide the statutory notice and still file suit within the prescribed two year period because the statute of limitations has already run.

III. **CONCLUSION**

Based upon the foregoing, Defendant's Motion to Dismiss should be granted.

**WHEREFORE**, Defendant, COMMUNITY HEALTH OF SOUTH FLORIDA, INC., respectfully requests that this Honorable Court grant its Motion to Dismiss, thereby dismissing Plaintiff's Complaint against Defendant in its entirety, and grant Defendant its costs, attorneys' fees, and any other relief this Court deems just and appropriate.

Respectfully submitted,

s/ Edwin Cruz
Elizabeth P. Johnson
Fla. Bar No. 920990
Email: ejohnson@fowler-white.com

Edwin Cruz
Fla. Bar No. 55579
Email: ecruz@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

- 10 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 14-cv-21388-DPG

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Edwin Cruz<br>Edwin Cruz

## SERVICE LIST

CASE NO. 14-cv-21388-DPG

Steven F. Grover, Esquire
Steven F. Grover, P.A.
Wells Fargo Tower - Suite 700
One East Broward Blvd.
Fort Lauderdale, FL 33301
E-Mail: stevenfgrover@gmail.com
Telephone: (954) 356-0005

4818-5383-0173, v.  3