UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALVIN GALUTEN,

    Plaintiff,

v.

COMMUNITY HEALTH OF SOUTH FLORIDA, INC.,

    Defendant.

CASE NO. 14-cv-21388-DPG

**DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, COMMUNITY HEALTH OF SOUTH FLORIDA, INC., (hereinafter "CHI" or "Defendant") files its Answer, Defenses, and Affirmative Defenses to Plaintiff's Amended Complaint and states as follows:

**INTRODUCTION[1]**

1. Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint, except admits that Plaintiff purports to allege causes against Defendant for violation of the retaliation section of the False Claims Act, 31 U.S.C. § 3730(h), along with a claim for prevailing party attorney fees pursuant to Fla. Stat. § 448.08. Defendant denies Plaintiff is entitled to any relief.

2. Defendant denies the allegations contained in Paragraph 2 of the Amended Complaint, except admits that Defendant terminated Plaintiff's employment effective April 17, 2012.

---

[1] Headings are used as they appear in Plaintiff's Complaint for organizational purposes only.

3. Defendant denies the allegations contained in Paragraph 3 of the Amended Complaint, except admits that Plaintiff filed a lawsuit on April 17, 2014, and admits that Count II of the lawsuit contained an unpaid wage claim.

4. Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint, and states that Count II of Plaintiff's Complaint speaks for itself.

5. Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7. Defendant admits the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint, and denies Plaintiff is entitled to any relief, but admits that venue is proper in this Court.

9. Paragraph 9 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint, and denies that Plaintiff is entitled to any relief, but admits venue is proper in this Court.

10. Paragraph 10 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint, and denies that Plaintiff is entitled to any relief, but admits the Court has jurisdiction over this case.

## PARTIES

11. The Defendant is without knowledge or information as to the allegations contained in Paragraph 11 of the Amended Complaint. To the extent the allegations of Paragraph 11 of the Amended Complaint require a response, those allegations are denied.

12. The Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint, but denies Plaintiff is entitled to any relief.

## FACTS

### A. THE MEDICARE AND MEDICAID PROGRAMS

13. Paragraph 13 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Paragraph 14 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

18. Paragraph 18 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20, except admits that it is a health care provider, and accepts Medicare and Medicaid patients.

21. Defendant denies the allegations contained in Paragraph 21, except admits that it is a health care provider, and accepts Medicare and Medicaid patients, and admits that it must comply with applicable laws.

### B. REGULATIONS CONCERNING RADIOLOGY SERVICES

22. Paragraph 22 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. The allegations contained in Paragraph 23 are too vague to permit Defendant to accurately formulate a response. To the extent that the allegations of Paragraph 23 require a response, those allegations are denied.

24. The allegations contained in Paragraph 24 are too vague to permit Defendant to accurately formulate a response. To the extent that the allegations of Paragraph 24 require a response, those allegations are denied.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

25. Paragraph 25 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Paragraph 26 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint.

### B. DR. GALUTEN AND DEFENDANT'S RADIOLOGY SERVICES[2]

27. Defendant denies the allegations contained in Paragraph 27, except admits that it provides health care services to the public, and seeks reimbursement from Medicare and Medicaid for some of those services.

28. Defendant denies the allegations contained in Paragraph 28, but admits that it hired Plaintiff as a radiologist on August 11, 2011.

29. Defendant admits the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

---

[2] This second instance of a section "B" appears on page 4 of Plaintiff's Amended Complaint.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

37. Defendant denies the allegations contained in Paragraph 37, except admits that it terminated Plaintiff's employment on April 17, 2012.

38. Defendant denies the allegations contained in Paragraph 38, except admits that its written policies speak for themselves.

### C. KICKBACKS

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41, but admits purchasing certain radiology equipment from Transphoton Corporation.

42. Defendant denies the allegations contained in Paragraph 42, except admits that the referenced statutes speak for themselves.

### D. DEFENDANT SUBMITTED CLAIMS FOR REIMBURSEMENT FOR THE ABOVE-DESCRIBED RADIOLOGY SERVICES TO MEDICARE AND MEDICAID

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

### COUNT 1 OF 2
### RETALIATORY DISCHARGE UNDER THE
### FEDERAL CIVIL FALSE CLAIMS ACT, 31 U.S.C. § 3730(h)

46. Defendant re-asserts its responses to Paragraphs 1 through 45 as if set forth fully herein.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

50.     Paragraph 50 contains a legal conclusion to which no response is required.  To the extent that a response to the allegations of Paragraph 50 is deemed required, those allegations are denied.

51.     Defendant denies that Plaintiff is entitled to the damages and other relief requested in Paragraph 51.

**COUNT 2 OF 2**
**ATTORNEYS' FEES AND COSTS AS THE PREVAILING PARTY**
**ON AN UNPAID WAGES CLAIM**

52.     Defendant re-asserts its responses to Paragraphs 1 through 45 as if set forth fully herein.

53.     Defendant denies the allegations contained in Paragraph 53, except admits that Plaintiff filed a lawsuit on April 17, 2014, and admits that Count II of the lawsuit contained an unpaid wage claim.

54.     Defendant denies the allegations contained in Paragraph 54, and states that Count II of Plaintiff's Complaint speaks for itself.

55.     The allegations contained in Paragraph 55 are admitted.

56.     The allegations contained in Paragraph 56 are denied.

57.     Paragraph 57 of the Amended Complaint sets forth statements of law and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Amended Complaint.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

59. Paragraph 59 of the Amended Complaint contains Plaintiff's request for a jury trial to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff requests a jury trial.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Unless otherwise specifically admitted herein, Defendant denies each and every allegation in the Amended Complaint.

2. The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred to the extent that he failed to comply with all statutory prerequisites prior to filing his claims.

4. To the extent Plaintiff seeks to base claims upon events occurring outside the applicable statute of limitations, they are time-barred.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches and/or unclean hands.

6. Plaintiff's employment was terminated for legitimate, and non-retaliatory reasons, and any other adverse employment action was based upon legitimate, and non-retaliatory business reasons.

7. Defendant did not retaliate against Plaintiff based upon any protected category under law.

8. Even if some impermissible motive were a factor in any employment decision challenged by the Plaintiff, a claim that Defendant denies, the same decisions would have been made in any event for legitimate, and non-retaliatory reasons.

9. Plaintiff did not participate in nor engage in any statutorily protected activity.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

10.     Assuming *arguendo* that Plaintiff engaged in protected activity, there was no causal connection between such protected activity and the termination of Plaintiff's employment or any other adverse action taken against Plaintiff by CHI.

11.     Neither Medicare nor Medicaid nor any other Federal program reimburse Defendant for diagnostic radiology services.  Accordingly, any investigation based upon Plaintiff's contention that Defendant received payment from Medicare and Medicaid for non-compliant radiology studies could not reasonably lead to a viable FCA action.

12.     Neither Medicare nor Medicaid nor any other Federal program reimburse Defendant for Defendant's purchases of diagnostic radiology equipment.  Accordingly, any investigation based upon Plaintiff's contention that Defendant paid "grossly inflated prices" for radiology equipment could not reasonably lead to a viable FCA action.

13.     Assuming *arguendo* that Plaintiff was investigating Medicare fraud or Medicaid fraud, or was taking any action in furtherance of a potential FCA claim, Defendant was unaware of such investigation or action.

14.     Plaintiff's claims for damages are barred, in whole or in part, to the extent he has failed to mitigate his damages.

15.     Plaintiff's claims are subject to all limitations on recovery of damages as set forth under applicable law.

16.     Assuming arguendo that Plaintiff is entitled to any damages for unpaid wages, any such recovery is subject to a set-off for any non-statutory compensation paid to or retained by Plaintiff.

17.     Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

- 9 -

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 14-cv-21388-DPG

18. Defendant reserves its right to assert additional defenses and/or affirmative defenses as appropriate during the course of discovery.

WHEREFORE, Defendant, having fully answered the Amended Complaint and raised legal defenses thereto, request that the instant action be dismissed in its entirety, with prejudice, and request that attorney's fees and costs be awarded to Defendant along with any other relief deemed just and proper.

Respectfully submitted,

/s/ Edwin Cruz
Edwin Cruz
Fla. Bar No. 55579
Email: ecruz@fowler-white.com

Elizabeth P. Johnson
Fla. Bar No. 920990
Email: ejohnson@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

CASE NO. 14-cv-21388-DPG

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Edwin Cruz<br>
Edwin Cruz

## SERVICE LIST

CASE NO. 14-cv-21388-DPG

Steven F. Grover, Esquire
Steven F. Grover, P.A.
Wells Fargo Tower - Suite 700
One East Broward Blvd.
Fort Lauderdale, FL 33301
E-Mail: stevenfgrover@gmail.com
Telephone: (954) 356-0005

4825-0509-4688, v.  1